UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IAN LYNCH,                                              )
                                                        )
            Plaintiff,                                  )
                                                        )
vs.                                                     )   Case No. 25-2148-KHV-BGS
                                                        )
THE ANDERSONS EXECUTIVE SERVICES                        )
LLC, *et al.*,                                          )
                                                        )
            Defendants.                                 )

**MEMORANDUM & ORDER GRANTING
PLAINTIFF'S AMENDED MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
AND DENYING DEFENDANTS' MOTION TO STAY**

Now before the Court is Plaintiff's Amended Motion for Leave to File First Amended Complaint. (Doc. 31.) Also pending is Defendants' Motion for Stay of Discovery. (Doc. 35.) Having reviewed the submissions of the parties, Plaintiff's motion to amend (Doc. 31) is **GRANTED** for the reasons set forth herein while Defendants' motion to stay (Doc. 35) is **DENIED**.

**FACTUAL BACKGROUND**

**I.    The Operative Pleading (Doc. 1).**

Plaintiff filed this lawsuit in the District Court for Johnson County, Kansas on February 24, 2025. (Doc. 1-2, state court petition ("operative pleading").) The case was removed by Defendants on March 24, 2025, pursuant to 28 U.S.C. § 1331, with Defendants asserting that "Plaintiff's right to relief is contingent upon resolution of a substantial question of federal law." (Doc. 1, at 2.)

In Plaintiff's state court Petition, he asserts claims for employment discrimination, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. Plaintiff, who is a white male, asserts claims of discrimination (Count I), associational disability discrimination (Count II), and retaliation (Count III)

under Title VII relating to his employment.  Plaintiff contends he was subjected to sex-based stereotyping at work.  He also contends he was pulled out of Defendant's Manager in Training program ("MIT") after speaking out about an allegedly sexist supervisor and after disclosing his wife's cancer diagnosis to Defendants.  Defendants generally deny Plaintiff's allegations of discrimination and retaliation.

## II.     Motion to Dismiss and First Motion to Amend.

On April 14, 2025, Defendants filed a motion to dismiss, alleging Plaintiff failed to assert a claim upon which relief may be granted.  (*See generally* Doc. 12-1.)  Therein, Defendants argue that the operative pleading contains "nothing more than speculative, conclusory assertions devoid of factual support, raises a claim under an inapplicable statute, and otherwise lacks necessary material elements of its three causes of action." (*Id.*, at 2.)

After that dispositive motion was fully briefed, Plaintiff filed his first motion to amend on June 2, 2025.  (Doc. 22.)  Prior to being ruled upon, that motion was superseded by the present "Amended Motion to Amend for Leave to File First Amended Complaint" (Doc. 31), which made the initial motion to amend moot.  (*See* Doc. 32, text Order.)

## III.    Amended Motion to Amend (Doc. 31).

In the present motion to amend, Plaintiff seeks leave to amend the operative pleading, which, as discussed above, was filed in state court.  Plaintiff contends that through a "typographical error," he "inadvertently captioned his Associational Discrimination and Retaliation claims as falling under Title VII, only." (Doc. 31, at 2.)  Plaintiff seeks leave to style these claims as falling under Title VII and the Americans with Disabilities Act (the "ADAAA") as the "factual detail in both counts included explicit references to [Plaintiff's] wife being diagnosed with cancer, which is a disability." (*Id.*)

Plaintiff also contends that good cause exists to allow him to amend his pleadings to

include an alleged violation of the FMLA by Defendants (Count IV). (*Id.*) According to Plaintiff, "[t]he evidence that has been propounded in discovery indicates that [he] (i) applied for FMLA shortly before Defendants fired him; (ii) Defendants knew that [he] had applied for FMLA and received a receipt of his FMLA claim; and (iii) Defendnats' [sic] interfered with [his] FMLA application and/or retaliated against him for submitting one." (*Id.*, at 3.)

Defendants respond that Plaintiff should not be allowed to "continue with his repeated careless filings asserting groundless claims, which Defendants and this Court must address in turn, resulting in needless cost and judicial waste." (Doc. 36, at 1.) According to Defendants, the allegedly "new" facts contained in the proposed Amended Complaint "were already pled and/or known to Plaintiff for many months prior to the initial filing in this case and could have and should have been asserted at that time." (*Id.*) Defendants continue that the requested amendment is not supported by good cause because of Plaintiff's "dilatory motive, undue delay, bad faith, and inexcusable neglect." (*Id.*)

The Court notes that Plaintiff's deadline to move to amend, as contained in the Scheduling Order, was July 1, 2025. (Doc. 23, at 2.) The present, supplemental motion was, therefore, timely filed.

**IV.    Motion for Stay of Discovery (Doc. 35).**

After the filing of Plaintiff's motion to amend, Defendants filed their motion to stay discovery. (Doc. 35.) Therein, Defendants argue that "[i]f the Court denies Plaintiff's Amended Motion and grants Defendants' Motion to Dismiss, each of Plaintiff's claims will be resolved and this litigation will end and/or the claims in this case may be narrowed." (*Id.*, at 1.) Defendant continues that this result would render "any previously conducted discovery moot and a waste of the Parties' resources." (*Id.*, at 4.) In the alternative, Defendants argue that the Court "should still stay

discovery at least until the conclusion of the Parties' mediation scheduled for August 7, 2025." (*Id.*, at 1.) The Court also notes that the mediation was unsuccessful. (Doc. 43.)

Defendants continue that a stay of discovery would "lead to the most efficient, just, and speedy, resolution of the disputes between the parties, in keeping with Fed. R. Civ. P. 1" and relevant case law. (*Id.*) Plaintiff responds that Defendants have not met their burden to override this District's general disfavor for stays by failing to "show that they are likely to succeed on the merits of their motion, or support their request for a stay with evidence that the lack of a stay will produce unnecessary waste or burden." (Doc. 37, at 2.)

## ANALYSIS

I. **Motion to Amend.**

    A. **Legal Standards.**

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to freely give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The U.S. Supreme Court has held that Rule 15's directive to "freely give leave" is a "mandate ...to be heeded." *Foman*, 371 U.S. at 182.

In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). *See also* "*Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin*). A court may deny leave to amend upon a showing of undue

4

delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010); *see also U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Foman*).  "Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the court should not permit the amendment." *Zickel v. Overland Park, Kan., P.D.*, No. 24-2506-EFM-ADM, 2025 WL 1078854, at *1 (D. Kan. April 10, 2025) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (ruling that in the absence of such a showing, amendment should be allowed)). *See also Painter v. Midwest Health, Inc.*, No. 19-2336-DDC-ADM, 2020 WL 5016878, at *3 (D. Kan. Aug. 25, 2020) (citing *Wilkerson*)).

**B.    Analysis.**

Plaintiff's requested amendment seeks to accomplish two goals:  1) to amend Counts II and III to bring these claims under both Title VII and the ADAA; and 2) to include Count IV regarding alleged violations of the FMLA. (*See generally* Doc. 31.) The Court will address each of these issues separately.

**1.    Title VII and the ADAA (Counts II and III).**

Plaintiff's first argument is that this proposed amendment "does not attempt to change the facts" upon which his claims rest. (*Id.*, at 4.) Rather, Plaintiff asserts, the proposed amendment "only seeks to amend the legal theories that stem from those facts." (*Id.*) Plaintiff continues with the following examples:

> [Plaintiff] pled that Lindsey Lindemoen (one of Defendants' Senior Vice Presidents) asked him to take a step back from the Anderson's MIT Program 'Just in case Amy's cancer gets out of hand.' Pet. at ¶87. When [Plaintiff] refused to accept the demotion, Ms. Lindemoen asked [him] to meet with Meghan Edwards (The Andersons' Director of HR) who reiterated the same thing, 'You need to take a transfer out of the MIT program, just in case Amy's cancer gets worse.' *Id.* at ¶104.
> [He] pleaded that The Andersons discriminated and retaliated against him for opposing Mr. Kohne's sexist worldviews, for failing to conform to gendered workplace stereotypes, and because his wife had

> been diagnosed with cancer. *Id.* at Counts I - III. He pleaded that his wife's cancer is a disability. Pet. at ¶¶168-69. He pleaded that The Andersons fired him and retaliated against him based on that disability. *Id.* at ¶¶170, 183-84. He pleaded that his wife's cancer was the motivating factor in The Anderson's decision. *Id.* at ¶171. He pleaded that he engaged in protected activity by reporting his wife's disability to the Andersons. *Id.* at ¶183. He pleaded that Defendants retaliated against him for engaging in that protected activity. *Id.* at ¶¶184-85.

(Doc. 31, at 4-5.)

Plaintiff also asserts that this requested amendment is timely because, as of the filing of the original motion, no Scheduling Order had been filed and no discovery had commenced. (*Id.*, at 5.) Although the Scheduling Order has since been entered (Doc. 23), Plaintiff's motion was timely filed in accordance with deadline to amend contained therein. According to Plaintiff, because of the early stage of the proceedings, there will be no undue prejudice to Defendants. (Doc. 31, at 5.)

In response, Defendants argue that Plaintiff's request exhibits dilatory motive, undue delay, bad faith, and inexcusable neglect. (Doc. 36, at 5, *et seq.*) Defendants argue they can establish dilatory motive because "no new facts are alleged [by Plaintiff] in support of the newly asserted ADA claims," Counts II and III. (*Id.*, at 6.) Rather than establish dilatory motive, undue delay, bad faith, and/or inexcusable neglect on the part of Plaintiff, this argument merely reinforces that Defendants will suffer no undue prejudice if the requested amendment is allowed. Because this case "is in its early stage," the Court finds that most of Defendants' concerns regarding the proposed amendment – dilatory motive, undue delay, bad faith, and/or inexcusable neglect, as discussed in in *Foman* and *Ritchie* – simply "do not exist." *Zickel*, 2025 WL 1078854, at *2. The Court need not address these concerns further.

Defendants also assert that the requested amendments to Counts II and III are futile[1] as having been plead inadequately. (*Id.*, at 9-11.)

---

[1] Defendants also make arguments as to the futility of Count I. (Doc. 36, at 8-9.) That count is not, however, the subject of Plaintiff's requested amendments and, therefore, will not be addressed in this Order.

> A district court is justified in denying a motion to amend as futile ... if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). A court may not grant dismissal 'unless it appears beyond doubt that the [requesting party] can prove no set of facts in support of his claim which would entitle him to relief.' *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

*Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). The Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Id.* (quoting *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D.Kan. Oct. 12, 2010)).

Defendants argue that Count II fails to state a claim for which relief may be granted because Plaintiff failed to "cite to any applicable law regarding the elements of an associational disability discrimination claims under the ADA" or that "the individual responsible for the decision to terminate him was even aware of his wife's disability." (*Id.*, at 9.) Defendants continue that Plaintiff's disability retaliation claim (Count III) fails because it cannot be pled under Title VII, the proposed amended pleading fails to allege that Plaintiff engaged in a protected activity, and it also fails to allege a causal connection between any alleged protected activity by Plaintiff and the alleged adverse employment action by Defendants. (*Id.*)

Defendants also assert that Counts II and III are time barred as "Plaintiff was required but failed to bring suit within 90 days of receiving his EEOC Notice of Right to Sue," which was issued on November 19, 2024. (Doc. 36, at 12 (citing Doc. 31-1 and 31-2 at ¶ 165).) Defendants argue that the "relate back" doctrine of *Spillman v. Carter*, by which the proposed amendments to Counts II and III would "relate back" to the original filing and comply with the 90-day filing requirement, does not apply. (*Id.*, citing 918 F. Supp. 336, 341 (D. Kan. 1996).) Plaintiff, however, contends that "the amendment of the existing associational and retaliation claims are based on the same facts" contained in the operative pleading, thus relating back per *Spillman*. (Doc. 31, at 6.)

7

"The fact that an amendment changes the legal theory on which the action initially was brought is of 'no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.'" *Spillman*, 918 F.Supp. at 340 (citing 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, § 1497, at 94–95 (1990)).  Further, the Court is unpersuaded that Defendants would suffer undue prejudice by allowing the proposed claims to relate back to the operative pleading.  It is clear that the "factual circumstances alleged in the original complaint are the same set of facts that form the basis of plaintiff's Title VII and ADA claims." *Id.*, at 341 (citing *Davis v. University of Chicago Hosp.*, 158 F.R.D. 129, 131–32 (N.D. Ill. 1994); *Kohn v. GTE North, Inc.*, 754 F.Supp. 563, 569 (S.D. Ohio 1990); and *Wilburn v. Dial Corp.*, 724 F.Supp. 530, 533–35 (W.D. Tenn. 1989)).  For purposes of this motion, the Court concludes that Plaintiff's claims relate back to the filing of the operative pleading.

Considering the liberal standards governing the amendment of pleadings and the early-stage procedural posture of this case, the Court exercises its discretion to **GRANT** Plaintiff leave to amend Counts II and III.  Defendant's futility argument is an issue more appropriately raised in the context of a dispositive motion before the District Court.  *See Poulos v. Brickley Enters., LLC*, No. 19-2629-JAR-JPO, 2020 WL 1812269, at *3 (D. Kan. Apr. 8, 2020) ("Plaintiff's proposed amendments are not clearly frivolous on their face, and district judges (as opposed to magistrate judges) are tasked with determining dispositive matters in a case.").  Further, the undersigned cannot find that Plaintiff's Counts II and III, or the amendments thereto, are clearly futile.

That stated, the undersigned makes no determination as to whether the amended claims ultimately would survive a subsequent dispositive motion presented to the District Court.  *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the

proposed amendments do not appear clearly frivolous."). Instead, the Court has merely determined that Defendants have failed to clear the "high bar" to prove that the proposed amendments are clearly futile. *Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citation omitted). Defendants are not prohibited by this ruling from moving the District Court to dismiss the Amended Complaint, once filed.

### 2. Alleged Violations of the FMLA (Count IV).

To plead a *prima facie* case of FMLA discrimination and/or retaliation, the following elements are required: "(1) plaintiff engaged in protected activity; (2) defendant took action that a reasonable employee would consider adverse; and (3) a causal connection exists between the protected activity and the adverse action." *Miles v. Unified Sch. Dist. No. 500*, 347 F.Supp.2d 626, 632 (D. Kan. 2018) (citation omitted). To establish a claim of FMLA interference, a Plaintiff must show: "(1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir.2005).

Defendants also argue that Plaintiff's prosed Count IV for FMLA interference, discrimination, and/or and retaliation should be denied as futile. (Doc. 36, at 13.) More specifically, they argue that the proposed Amended Complaint "fails to establish the last prong of each of these standards – that his termination was related or causally connected to the exercise or attempted exercise of his FMLA rights, or his protected activity." (*Id.*) Defendants continue that "[l]acking these alleged facts, Plaintiff cannot connect his termination to his attempted exercise of his FMLA rights." (*Id.* (citing *Satterlee v. Allen Press, Inc.*, 443 F. Supp. 2d 1236, 1245 (D. Kan. 2006), aff'd, 274 F. App'x 642 (10th Cir. 2008) and *Walton v. New Mexico State Land Off.*, 113 F. Supp. 3d 1178, 1198 (D.N.M. 2015).)

Plaintiff replies that Defendants' reliance on the *Satterlee* decision is "inapposite" because it

9

was rendered at the summary judgment stage rather than the pleading stage as is occurring here." (Doc. 44, at 9.) Plaintiff continues that

> [u]nlike the plaintiff in *Satterlee*, [he] does not have the benefit of any discovery at this point in time. [He] can only plead what he knows. From his vantage, [Defendants'] decision to formally terminate him came just days after they had received a formal notice that his FMLA claim 'was pending.'

(*Id.* (citing Doc. 31-1 at ¶¶ 151-161).) Plaintiff also relies on the Tenth Circuit's recognition of temporal proximity between the protected activity and termination of employment to establish a "'causal connection sufficient to justify an inference of retaliatory motive.'" (*Id.* (citing *Moss v. Blue Cross Blue Shield of Kansas, Inc.*, 534 F. Supp. 2d 1190, 1203 (D. Kan. 2008)).) "A plaintiff may rely on temporal proximity alone only if the termination is very closely connected in time to the protected activity." *Moss*, 534 F. Supp. 2d at 1203.

The Court agrees with Plaintiff that, for purposes of this motion to amend, Defendant has not established that this claim is futile. Plaintiff's Motion to Amend (Doc. 31) is, therefore, **GRANTED**.

## II. Motion to Stay.

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." *Toney v. Harrod*, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally disfavors staying discovery pending a ruling on a dispositive motion. *McCoy*, 2007 WL 2071770, at *2.

Even so, there are exceptions justifying a stay of discovery pending a ruling on a dispositive motion. Courts in this District have held that such a stay is appropriate "where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendants' immunity from suit." *United States ex rel. Ernst v. College Park Ancillary, LLC*, No. 19-2085-TC, 2021 WL 533830, at *2 (D. Kan. Feb. 12, 2021) (citation omitted); *see also Toney*, 2018 WL 5830398, at *1, 2.

In the motion to stay, Defendants argue that a stay of discovery is appropriate pending the resolution of Defendants' Motion to Dismiss and Plaintiff's Amended Motion to Amend "to preserve the interests of judicial economy and ensure that discovery is only conducted on Plaintiff's surviving claims, if any." (Doc. 35, at 8.) Defendants continue that stays are "regularly" entered in this District under these circumstances. (*Id.*, at 9 (citing *Schwab v. Kobach*, No. 18-2488-DDC-GEB, 2019 WL 6771779, at *2 (D. Kan. Dec. 12, 2019), *Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, No. 11-2681-KHV, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012), and *Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 2351046, at *2 (D. Kan. June 9, 2021).) In practice, however, the "general rule" in this District is that "discovery is not stayed simply because a dispositive motion has been filed." *Bragg v. Big Heart Pet Brands, Inc.*, No. 21-2047-KHV, 2021 WL 1663872, at *1 (D. Kan. Apr. 28, 2021).

Defendants continue that a stay is appropriate because the arguments contained in both their Motion to Dismiss and their opposition to Plaintiff's Amended Motion to Amend "concern threshold questions that *may conclude the case, or at least narrow the issues*, and responding to Plaintiff's Discovery Requests (which are onerous and extensive) on all Plaintiff's current claims would be 'wasteful and burdensome.'" (Doc. 35, at 9 (emphasis added) (citing *McDaniel v. Lakeview Vill., Inc.*,

11

No. 23-2090-TC-TJJ, 2023 WL 4198601, *1 (D. Kan. June 27, 2023).)  Defendants thus assert that a stay is needed "to ensure judicial efficiency and avoid unnecessary legal fees for discovery on claims that could be dismissed in the near future."[2]  (*Id.*)

Plaintiff responds that he served his first discovery requests on Defendants in February 2025 in the state court case, now five months ago.  (Doc. 37, at 1; *see* Doc. 1-2, at 43-79 (containing Plaintiff's first interrogatories and document requests).)  Rather than respond to the discovery requests, Defendants have received numerous agreed-to extensions from Plaintiff – up to and including the most recent extension through July 31, 2025.  (*Id.*)  Plaintiff correctly counters that "[t]he general rule in this Court is that filing a dispositive motion does not automatically stay discovery," but rather Defendants must establish "(1) the case is likely to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the resolution of the pending motion, or (3) discovery on all issues posed by the complaint would be wasteful and burdensome."  (*Id.*, at 2, 6 (citing *Cetin v. Kansas City Kansas Cmty. Coll.*, No. 23-2219-KHV-TJJ, 2023 WL 8188599, at *2 (D. Kan. Nov. 27, 2023).)

Plaintiff contends that Defendants have not met this burden.  (*Id.*, at 2.)  According to Plaintiff, "Defendants do not make any argument about how they are likely to succeed on their motion to dismiss" and "make no substantiated argument that [Plaintiff's] discovery requests will result in waste or unnecessary burden."  (*Id.*, at 6-7.)  As stated above, Defendants merely contend that the dispositive motion "may conclude the case, or at least narrow the issues," potentially making the outstanding discovery "wasteful and burdensome."  (Doc. 35, at 9.)  Defendants make the same

---

[2] In their reply brief, Defendants rely in on the case of *Cetin v. Kansas City Kansas Cmty. Coll.*, No. 23-2219-KHV-TJJ, 2023 WL 8188599, at *2 (D. Kan. Nov. 27, 2023), for the proposition that a stay is merited because "responding to these Requests prior to the resolution of several threshold issues in this case also is wasteful, both from a monetary and efficiency perspective."  (*See* Doc. 42, at 2.)  The Court is somewhat confused as to this case citation considering the *Cetin* court denied the requested stay, finding that "the 'brief assertion' that engaging in discovery while the dispositive motion is pending will be 'unduly burdensome' is insufficient to show a compelling reason for staying the case."  2023 WL 8188599, at *2 (citation omitted).

12

arguments in their reply brief.  (*See generally* Doc. 42.)  Plaintiff also points out that Defendants failed to attach the discovery requests to their motion and "do not cite any specific monetary value that is imposed on searching for documents and providing information responsive" to the discovery requests.  (*Id.*, at 8.)  Thus, according to Plaintiff, Defendants have not established the discovery is wasteful or unduly burdensome.

The Court agrees with Plaintiff that Defendants' mere belief that they are entitled to dismissal of Plaintiff's claims is "not reason enough to make this the exceptional kind of case" in which discovery is stayed.  (Doc. 37, at 8.)  Defendants' argument that discovery will have been wasteful "*if* mediation is unsuccessful and *if* the Court enters dismissal" of Plaintiff's claims is insufficient grounds to enter a discovery stay.

The Court is also unpersuaded by Defendants' argument that a stay is warranted because discovery would potentially invade the privacy to other employees.  (Doc. 42, at 1-2.)  Any such privacy concerns can be addressed via a protective order for the case.  Defendants' motion is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion to Amend (Doc. 31) is **GRANTED**.  Plaintiff shall file his Amended Complaint, in form attached to motion, on or before **August 15, 2025**.

IT IS FURTHER ORDERED that Defendants' Motion to Stay (Doc. 35) is **DENIED**.

**IT IS SO ORDERED.**

Dated August 13, 2025, at Wichita, Kansas.

/s/Brooks G. Severson  
Brooks G. Severson  
U.S. Magistrate Judge