UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IAN LYNCH,                                              )
                                                        )
        Plaintiff,                                )
                                                        )
vs.                                                     )   Case No. 25-2148-KHV-BGS
                                                        )
THE ANDERSONS EXECUTIVE SERVICES                        )
LLC, *et al.*,                                          )
                                                        )
        Defendants.                               )

## MEMORANDUM & ORDER ON DEFENDANTS' MOTION TO COMPEL

Now before the Court is Defendants' Motion to Compel (Doc. 78) which seeks production of (1) any "fee or cost agreements with counsel" and other documents relating to claimed damages; (2) documents relating to Plaintiff's subsequent attempts to secure other employment; (3) documents allowing Defendants to obtain texts and telephone logs from Plaintiff's personal telephone; and (4) a privilege log enumerating all documents withheld on the basis of any claimed privilege (Doc. 79, at 1). Plaintiff has responded in opposition (Doc. 97) and Defendants have filed their reply (Doc. 99.) Having reviewed the submissions of the parties, including voluminous exhibits, Defendants' motion to compel (Doc. 78) is **GRANTED in part** and **DENIED in part** for the reasons set forth herein.[1]

### FACTUAL BACKGROUND

**I.     State Court filing (Doc. 1).**

---

[1] Also pending before the Court is Plaintiff's motion to file a surreply to the motion to compel. (Doc. 100.) The Court has reviewed Plaintiff's motion and proposed surreply but finds that the arguments contained therein do not assist the Court in making its ruling herein. As such, Plaintiff's motion (Doc. 100) is **DENIED**. The Court reviewed Plaintiff's reply (Doc. 102) to the motion for surreply which raises issues regarding the use of Plaintiff's entire deposition transcript as an exhibit (Doc. [100-2]) to the underlying motion for surreply. The parties appear to be asking to have the exhibit sealed, but have not filed a motion to seal in compliance with D. Kan. Local Rule 5.4.2. Because no such motion is pending before the Court, no such relief may be granted at this time.

Plaintiff filed this lawsuit in the District Court for Johnson County, Kansas on February 24, 2025. (Doc. 1-2, state court petition.) The case was removed by Defendants on March 24, 2025, pursuant to 28 U.S.C. § 1331, with Defendants asserting that "Plaintiff's right to relief is contingent upon resolution of a substantial question of federal law." (Doc. 1, at 2.)

In Plaintiff's state court Petition, he asserts claims for employment discrimination, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. Plaintiff, who is a white male, asserts claims of discrimination (Count I), associational disability discrimination (Count II), and retaliation (Count III) under Title VII relating to his employment. Plaintiff contends he was subjected to sex-based stereotyping at work. He also states that he was pulled out of Defendant's Manager in Training program ("MIT") after speaking out about an allegedly sexist supervisor and after disclosing his wife's cancer diagnosis to Defendants. Defendants generally deny Plaintiff's allegations of discrimination and retaliation.

## II.   Motion to Dismiss and First Motion to Amend.

On April 14, 2025, Defendants filed a motion to dismiss, alleging Plaintiff failed to assert a claim upon which relief may be granted. (*See generally* Doc. 12-1.) Therein, Defendants argue that the operative pleading contains "nothing more than speculative, conclusory assertions devoid of factual support, raises a claim under an inapplicable statute, and otherwise lacks necessary material elements of its three causes of action." (*Id.*, at 2.)

After that dispositive motion was fully briefed, Plaintiff filed his first motion to amend on June 2, 2025. (Doc. 22.) Prior to being ruled upon, that motion was superseded by Plaintiff's "Amended Motion to Amend for Leave to File First Amended Complaint" (Doc. 31), which made the initial motion to amend moot. (*See* Doc. 32, text Order.)

## III.   Amended Motion to Amend (Doc. 31).

In the amended motion to amend, Plaintiff sought leave to amend the state court petition because, through a "typographical error," he "inadvertently captioned his Associational Discrimination and Retaliation claims as falling under Title VII, only." (Doc. 31, at 2.) He requested leave to style these claims as falling under Title VII and the Americans with Disabilities Act (the "ADAAA") as the "factual detail in both counts included explicit references to [Plaintiff's] wife being diagnosed with cancer, which is a disability." (*Id.*)

Plaintiff also sought permission to amend his pleadings to include an alleged violation of the FMLA by Defendants (Count IV). (*Id.*) Over Defendants' objections, that motion was granted (Doc. 45), resulting in the filing of Plaintiff's Amended Complaint (Doc. 47).[2]

## IV.   Motion to Compel (Doc. 78).

On October 20, 2025, and after conferring, the parties engaged in the requisite pre-discovery motion telephone conference with the undersigned Magistrate Judge to discuss the issues now before the Court. (*See* Doc. 67, minute entry.) Plaintiff was given a deadline of October 27, 2025, to supplement his discovery responses and provide a privilege log. (Doc. 68, Scheduling Order.) Although certain discovery responses were supplemented (Doc. 72), Defendants move the Court for an Order compelling Plaintiff to produce the following: (1) any "fee or cost agreements with counsel" and other documents relating to claimed damages; (2) documents relating to Plaintiff's subsequent attempts to secure other employment; (3) documents allowing Defendants to obtain texts and telephone logs from Plaintiff's personal telephone; and (4) a privilege log enumerating all documents withheld on the basis of any claimed privilege. (Doc. 79, at 1.)

In opposition to Defendants' motion, Plaintiff responds that he supplemented his discovery responses by October 27, 2025, following the parties' pre-motion telephone conference with the

---

[2] Thereafter, Defendants filed their partial motion to dismiss Plaintiff's Amended Complaint (Doc. 52), which was granted by the District Court (Doc. 71). As a result, Plaintiff's Count II arising under Title VII was dismissed.

3

undersigned Magistrate Judge. (Doc. 97, at 3.) Plaintiff asserts that he "has diligently searched for responsive documents within his custody, possession, or control, and has produced all such documents, with the sole exception of his retainer agreement – *i.e.*, the singular outstanding discovery issue." (*Id.*) The Court will address each of the issues identified by Defendants in turn.

## ANALYSIS

### I. Legal Standards.

The scope of discovery is governed by Federal Rule of Civil Procedure 26, which states in relevant part that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

To be discoverable, the information sought must be nonprivileged, relevant, and proportional to the needs of the case. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Beaty v. Kansas Athletics, Inc.*, No. CV 19-2137-KHV, 2020 WL 1862563, at *2 (D. Kan. Apr. 14, 2020) (citations omitted).

Pursuant to Fed. R. Civ. P. 37, a party may move the Court for an order compelling answers to interrogatories and requests for production of documents. If the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as

4

defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011). *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request. *Id.* Relevancy determinations are generally made on a case-by-case basis. *Id.*

## II.     Analysis.

As stated above, Defendants ask the Court to compel the following information from Plaintiff:  In the present motion, Defendants seek an Order compelling Plaintiff to produce the following:  (1) any "fee or cost agreements with counsel" and other documents relating to claimed damages; (2) documents relating to Plaintiff's subsequent attempts to secure other employment; (3) documents allowing Defendants to obtain texts and telephone logs from Plaintiff's personal telephone; and (4) a privilege log enumerating all documents withheld on the basis of any claimed privilege. (Doc. 79, at 1.) While Plaintiff contends he "has diligently searched for responsive documents within his custody, possession, or control, and has produced all such documents, with the sole exception of his retainer agreement – *i.e.*, the singular outstanding discovery issue." (Doc. 97, at 3.)  That stated, each issue enumerated by Defendants will be addressed in turn.

### A.     Fee Agreement with Counsel.

Defendants' Interrogatory No. 1 and Request for Production No. 46 seek production of information relating to Plaintiff's alleged damages, which include "reasonable attorneys' fees permitted by law[.]" (Doc. 47, at 28.)  Interrogatory No. 1 asks Plaintiff to "[i]dentify each item of

5

damages, including but not limited to loss of salary, wages, benefits, and/or other income or any nonmonetary damage alleged to have been sustained by You as a result of any act or omission set forth in the Complaint, including the method of calculating each such item." (Doc. 79-7, at 4.) Plaintiff responded, in part, that he seeks damages relating to "interest, costs, [and] attorney's fees." (*Id.*, at 5.) As such, Defendants contend that "any agreement Plaintiff has or had with his attorneys is directly relevant to the claims and defenses in this case and should be produced." (Doc. 79, at 6.)

Document Request No. 46 seeks "all documents concerning any damages, losses, costs, or expenses" Plaintiff alleges to have incurred "as a result of the alleged actions" of Defendants. (Doc. 79-7, at 25.) Plaintiff objected that the request sought documents protected by the attorney-client privilege while producing certain documents "[w]ithout waiving this objection … ." (*Id.*)

Plaintiff argues that discovery relating to attorneys' fees is premature because Plaintiff will not be entitled to attorneys' fees until and unless he prevails in this case. (Doc. 97, at 9, 10.) Plaintiff also objects that the discovery requests at issue do not "specifically request any fee agreements … ." (*Id.*, at 10.) The Court acknowledges that Defendants' discovery requests do not specifically seek Plaintiff's fee agreement. That stated, Interrogatory No. 1 and Request No. 46 seek information regarding Plaintiff's damages, which specifically include attorneys' fees.

Defendants point to Plaintiff's deposition testimony that he does not recall any agreement he has with his counsel and thus argue that the information "goes to Plaintiff's credibility and ability to accurately recall facts, including those in this case, which will be highly probative at this point in the proceedings." (Doc. 99, at 2.) Additionally, Defendants rely on the case of *Jayhawk Cap. Mgmt., LLC v. LSB Indus., Inc.*, No. 08-2561-EFM, 2010 WL 11564949 (D. Kan. Dec. 2, 2010), for the proposition that Courts in this District have ordered production of attorney fee agreements when a plaintiff's damages include attorney fees. (Doc. 79, at 6.)

6

It is true that the plaintiffs *Jayhawk*, like Plaintiff herein, sought an award of attorneys' fees and objected that the request was premature. That stated, the Court finds *Jayhawk* to be distinguishable. The *Jayhawk* court noted that the plaintiffs therein offered no "support for their contention that the merits of this case must be decided before defendants are entitled to receive what is otherwise relevant discovery" and did not object that the fee information was privileged. 2010 WL 11564949, at *2. In the present matter, however, Plaintiff has objected that the information is privileged. (Doc. 79-7, at 25.)

In cases more recent than *Jayhawk*, Courts in this District have held that discovery requests relating to attorneys' fees are premature prior to the filing of a motion for attorneys' fees. *See Newman v. Union Pacific R.R. Co.*, No. 12-2518-JTM-KGG, 2013 WL 1308977, at *1 (D. Kan. Mar. 28, 2013) and *EEOC v. BNSF Ry. Co.*, No. 12-2634-JWL-KGG, 2014 WL 2589182, at *7 (D. Kan. June 10, 2014). The principal of D. Kan. Rule 54.2, which governs motions for statutory attorneys' fees under Fed. R. Civ. P. 54(d)(2), "is that motions for attorney's fees should not usually require discovery, thus discovery is permitted only for good cause after a motion has been made for fees, and after the consultation requirements of the rule have been satisfied." *Newman*, 2013 WL 1308977, at *1 (in case seeking attorneys' fees pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3)). Simply stated, discovery into attorneys' fees is "simply not relevant" until a motion for attorneys' fees is made "and if the parties are unable to reach an agreement [as to those fees] by consultation … ." *EEOC v. BNSF Ry. Co.*, 2014 WL 2589182, at *7 (in discrimination case brought under the Americans with Disabilities Act). This portion of Defendants' motion is, therefore, **DENIED**.

    **B.**    **Attempts to Secure Employment.**

Interrogatory No. 2 asks Plaintiff to identify employers with whom he has sought employment or for whom he has worked since the termination of his employment with Defendants.

(Doc. 79-7, at 5.)  Plaintiff listed Northpoint Logistics, Allstate Mid Market Sales, BCS Apparel, Design Resources Inc., and Blue Valley Schools (with whom he has been employed since April 2024).  (*Id.*, at 6.)

Document Request No. 47 seeks documents relating to these employment searches.  (*Id.*, at 24.)  Plaintiff stated that he would produce all responsive documents.  (*Id.*)  According to Defendant, however, Plaintiff "has failed to produce any documents to show that he sought employment at these companies other than limited documentation related to his current employer."  (Doc. 79, at 8.)  Defendant asks the Court to compel Plaintiff to produce relevant documents "and/or Plaintiff should provide a statement that no such documents exist."  (*Id.*)

Plaintiff responds that he has provided additional documents to Defendants.  While Plaintiff infers that these are all the responsive documents that exist, he has not specifically stated this in a formal discovery response.  This portion of Defendants' motion is **GRANTED** and the Court **orders** Plaintiff to specifically indicate, in a supplemental discovery response, whether all such responsive documents have been produced.

Further, Defendants reply that "documents in the public record show that Plaintiff may no longer be employed" and ask for documentation "reflecting Plaintiff's employment status" to be produced.  (Doc. 99, at 3.)  Information regarding the purported termination of Plaintiff's employment with Blue Valley Schools is not responsive to either Interrogatory No. 2 (identification of employers with whom he has sought employment or for whom he has worked) or Request No. 47 (seeking documents relating to "efforts" to find employment).  (Doc. 79-7, at 5-6, 25.)  As such, this portion of Defendants' motion is **DENIED**.

      C.    **Telephone Records.**

Defendants argue that Plaintiff's texts, telephone logs, and any other information relating to the use of his personal telephone "could be responsive to virtually all of the [document] requests …

8

." (Doc. 79, at 8.)  The Court will not review every document request to evaluate whether this information is responsive, but will instead focus on the specific requests listed by Defendants that reference communications:  No. 5 (feedback from Plaintiff's supervisor Gregory Bertrand), No. 6 (communications with Defendants' Profit Center Manager Tom Kohne), No. 7 (Nancy Kohne[3]), No. 9 (communications regarding ¶¶ 33-41 of Complaint), No. 10 (positive feedback received), No. 11 (praise for growth and achievements), No. 15 (communications regarding a specific phone call with Tom Kohne), No. 19 (complaints of discrimination or retaliation), No. 35 (comments to Senior Human Resources Generalist Kelly Bachand that Plaintiff was being discriminated against because of his wife's cancer battle"), No. 36 (communications with Mr. Kohne, Mr. Raines,[4] and Ms. Bachand in which he was told to accept a demotion), No. 37 (a specific phone call with Senior Vice President of Finance Lindsey Lindemoen), No. 39 (a specific phone call between Plaintiff, Ms. Bachand, and Chief MIT program coordinator Emily Massel), No. 49 (all documents and communications relating "in any way" to his employment with Defendants and/or termination thereof), and No. 50 (communications relating "in any way to the allegations contained in your Complaint").  (*See generally* Doc. 79-7.)

During the October 20, 2025, pre-discovery motion telephone conference, the undersigned Magistrate Judge instructed Plaintiff to provide defense counsel with the name of Plaintiff's personal phone carrier by October 27, 2025, to allow counsel for Defendant to subpoena the responsive records.  (Doc. 79-11, at 8-9.)  Defendants now argue that Plaintiff has "failed to produce any telephone logs and confirm that he has produced all text messages with employees at Defendants, which are responsive to several document requests in this matter, including requests for communications between Plaintiff and his supervisors."  (Doc. 79, at 8.)

---

[3] Neither the discovery requests, the briefing, nor Plaintiff's Amended Complaint (Doc. 47) identify Nancy Kohne.
[4] Neither the discovery requests, the briefing, nor Plaintiff's Amended Complaint (Doc. 47) specifically identify Raines. The Amended Complaint merely indicates that Raines was present in a meeting initiated by Plaintiff.  (Doc. 47, at 14.)

Plaintiff responds that he "has produced all responsive text messages following the hearing, and does not have direct access to his call logs." (Doc. 97, at 9.)  Plaintiff's counsel emailed defense counsel on November 3, 2025, to explain "that the calls in question were likely made on his old work phone, but offered to provide defense counsel with his carrier information and collaborate with them on a business records subpoena to the carrier." (*Id.* (citing Doc. 97-4, at 2, which specifically states "[w]e will give the name of his provider … . If you would like to subpoena the call logs from his cellular provider, we're fine with that and are willing to work with you on it.")

Defendants apparently chose to file the present motion rather than take Plaintiff up on this offer to cooperate with subpoenaing his cellular provider.  As such, this portion of Defendants' motion is **DENIED**.  That stated, the parties are directed to cooperate to complete their agreement to subpoena Plaintiff's personal cellular records if that has not been accomplished prior to the entry of this Order.  Further, to the extent this has not yet occurred, Plaintiff is instructed to conduct the requisite searches of documents within his possession, custody, or control and indicate in a supplemental discovery response whether he has produced all responsive documents or whether no such documents exist.  Any such supplemental discovery response must be served on or before **January \_\_\_, 2026**.

### D. Privilege Log.

"The purpose of a privilege log is to provide the opposing party and the Court with enough information to evaluate the claim of privilege." *Coffeyville Res. Ref. & Mkting., LLC v. Liberty Surplus Ins. Corp.*, No. 08-1204-WEB-KMH, 2009 WL 2913535, at *5 (D. Kan. Sept. 4, 2009) (citing *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 5214330 (N.D. Cal., Dec. 12, 2008)).  See also *Box Elder Kids, LLC v. Anadarko E& P Onshore, LLC*, No. 20-2352-WMJ-SKC, 2023 WL 5042922, at *2 (D. Colo. Aug. 8, 2023) (citations omitted).  It is well-established in this District that the party raising privilege objections in response to discovery requests is obligated to include a

10

privilege log compliant with Fed. R. Civ. P. 26(b)(5)(A).  *See Progressive Northwestern Ins. Co. v. Gant*, No. 15-9267-JAR-KGG, 2017 WL 3530843, *6 (D. Kan. Aug. 16, 2017).

During the October 20, 2025, pre-discovery motion telephone conference, the undersigned Magistrate Judge advised Plaintiff to produce a privilege log by October 27, 2025.  (Doc. 79-11, at 10.)  Following the telephone conference, Plaintiff informed Defendants that "he [was] *not* withholding documents on the basis of medical or psychotherapy privileges, as he doesn't have access to his medical chart; rather, he only has access to a patient portal and he can't produce a copy of a portal (an electronic database, not a physical document)."  (Doc. 97, at 7 (emphasis in original).)  Plaintiff ultimately submitted a privilege log with three entries on November 3, 2025, all of which reference communications with his attorneys.  (Doc. 79-10.)

Defendants assert the privilege log should "include all responsive communication between Plaintiff and his attorneys, his medical providers, including any physicians or mental health professionals and his wife being withheld."[5]  (Doc. 79, at 7.)  Plaintiff responds that he has "no relevant communications with his physicians in his possession, so no such communications can be logged … ."[6]  (Doc. 97, at 8.)

The Court cannot order a party to produce documents that do not exist.  *J&M Indust., Inc. v. Raven Indus., Inc.*, 2018 WL 1427952, at *6 (D. Kan. March 22, 2018) (holding that if a party's responses to discovery requests "encompass the entirety of the responsive information and documentation [in the party's] possession, custody, or control, the Court cannot simply order [the party] to create or produce additional responsive information.").  Thus, the issue before the Court boils down to whether there is any additional information being withheld by Plaintiff on the basis of

---

[5] The Court notes that subparagraph (2)(i) of the original Scheduling Order in this case states that "[n]o party shall be entitled to discovery of communications with retained counsel in this action and there will be no need to list such communications on a privilege log."  (Doc. 23, at 7.)  As such, to the extent Defendant is requesting that such communications be logged, the Court denies such a request because the parties have already agreed this is unnecessary.

[6] Plaintiff has, however, signed and returned a HIPAA release for Defendants to get the relevant medical documents. (*Id.*)

11

privilege that is not included in the privilege log.

Plaintiff is therefore ordered to (1) supplement his privilege log if any responsive information that is not already listed therein is being withheld on the basis of any privilege; and (2) supplement his discovery responses to make it clear whether there are no additional responsive documents being withheld on the basis of privilege.  This is to occur **on or before January 5, 2026**.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel (Doc. 78) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.  Plaintiff shall produce the supplement discovery responses as Ordered herein on or before **January 5, 2026**.

**IT IS SO ORDERED.**

Dated December 23, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge